IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KRISTOPHER P. KRAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  09-3089 |
| | ) | |
| LARRY PHILLIPS, Facility Director | ) | |
| Department of Human Services | ) | |
| Treatment and Detention Facility, | ) | |
| and LISA MADIGAN, Attorney | ) | |
| General of the State of Illinois, | ) | |
| | ) | |
| Respondents. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Petitioner Kristopher Kras' Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (d/e 1) (Petition) and Respondent Larry Phillips' Motion to Dismiss (d/e 10).  Kras is institutionalized in the Illinois Department of Human Services pursuant to the Illinois Sexually Violent Persons Commitment Act (the Act).  725 ILCS 207/1 et seq.  Kras is currently being housed at the Rushville Treatment and Detention Facility (the Facility), located in Rushville, Illinois.  Respondent

Larry Phillips serves as Director of the Facility.[1]  In April 2009, Kras filed the instant Petition, seeking habeas corpus relief on a number of grounds. Respondent subsequently filed the pending Motion to Dismiss, asking the Court to dismiss Kras' Petition as untimely.  Kras has failed to respond to the Motion to Dismiss, despite being granted additional time to do so.  <u>See Text Order, dated August 13, 2009</u>.  For the reasons set forth below, the Motion to Dismiss is allowed, and Kras' Petition is dismissed.

## BACKGROUND

The Act provides for the civil commitment of an individual adjudicated to be a sexually violent person (SVP). 725 ILCS 207/40. In the spring of 1999, Kras was scheduled to be released from the Illinois Department of Corrections Juvenile Division.  Prior to his release, in April 1999, the Illinois Attorney General filed a sexually violent person petition (SVP Petition) against Kras in the Circuit Court of Sangamon County, Illinois.  In October 1999, Kras, who was represented by counsel, waived hearing on the SVP Petition and admitted that he was a SVP.  Following a dispositional hearing, in December 1999, Kras was ordered civilly

---

[1] The Court notes that, under Rule 2(a) of the Rules Governing § 2254 Cases, Larry Phillips is the appropriate Respondent.  Therefore, Lisa Madigan is, hereby, removed as a named Respondent in this case.

2

committed.

Kras appealed to the Illinois Appellate Court, which affirmed in an Order, dated February 26, 2001. Motion to Dismiss, Ex. A. Kras then filed a Petition for Leave to Appeal (PLA) with the Illinois Supreme Court, which was denied on June 6, 2001. Motion to Dismiss, Ex. B. Kras did not file a petition for writ of certiorari.

On October 15, 2007, Kras filed a pro se state habeas petition in Sangamon County Circuit Court. Motion to Dismiss, Ex. C. According to the Motion to Dismiss, while the state habeas petition was pending in the Circuit Court, in December 2008, Kras filed a motion for leave to file an original habeas complaint in the Illinois Supreme Court. The Illinois Supreme Court denied Kras' motion for leave to file on March 20, 2009. Motion to Dismiss, Ex. E. Kras then filed the instant Petition on April 7, 2009.

## ANALYSIS

Kras raises the following grounds for habeas relief in his Petition:

1. The trial court lacked personal jurisdiction in the SVP proceedings because Kras did not satisfy the clinical definition of pedophilia and actuarial testing is not applicable to juveniles;

3

2. The commitment order entered October 26, 1999, violated double jeopardy;

3. The State failed to prove beyond a reasonable doubt that Kras was an SVP prior to the commitment order being entered on October 26, 1999; and

4. The trial court erroneously allowed Kras to stipulate to being an SVP at the hearing held October 26, 1999.

Petition, p. 3-6.

Respondent moves to dismiss Kras' Petition as untimely. Under 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to applications for federal habeas corpus relief from a state court judgment.[2] This limitation's period runs from the latest of four expressly identified dates. 28 U.S.C. §§ 2244(d)(1)(A)-(D). It is clear that 28 U.S.C. §§ 2244(d)(1)(B), (C), & (D) are not applicable to the instant case. Under § 2244(d)(1)(A), the limitation's period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In the instant Petition, Kras raises challenges

---

[2] Kras' initial confinement order became final after the April 24, 1997, enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA); thus, § 2244(d)(1)'s one-year statute of limitations applies. AEDPA, 28 U.S.C. § 2254.

relating only to his initial confinement. Under these circumstances, the Court finds that the federal habeas limitation's period began to run when Kras' initial commitment order became final  See Martin v. Bartow, 621 F.Supp.2d 666, 669-70 (W.D. Wis. 2009).

After the Illinois Supreme Court denied his PLA on June 6, 2001, Kras did not petition the United States Supreme Court for certiorari. Thus, his initial commitment order became final for § 2254 purposes when the ninety-day time period to seek review in the United States Supreme Court expired, on September 4, 2001. 28 U.S.C. § 2244(d)(1)(A), Sup. Ct. R. 13; Tucker v. Kingston, 538 F.3d 732, 733 (7th Cir. 2008). Section 2244's one-year statute of limitations began to run on September 4, 2001.

The Court recognizes that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, by the time that Kras' October 15, 2007, state habeas petition was filed, over six years had passed since the time Kras' initial commitment order became final. Section 2244(d)(1)'s one-year limitation's period had long since expired. Kras' Petition is, thus, untimely and must be dismissed.

5

To the extent equitable tolling principles are available to habeas petitioners in this Circuit, Kras fails to satisfy the standard necessary to qualify for equitable tolling. See Williams v. Buss, 538 F.3d 683, 685 (7th Cir. 2008) ("the very availability of equitable tolling for habeas corpus petitioners is dubious in this circuit . . . ."). In order for equitable tolling to apply, Kras must show that: (1) he has been diligently pursuing his rights, and (2) some extraordinary circumstance stood in his way. Id. The record is devoid of evidence to support a finding in Kras' favor on either of these prongs, and thus, equitable tolling does not apply to extend § 2244's limitation period.

THEREFORE, as set forth above, Respondent's Motion to Dismiss (d/e 10) is ALLOWED, and Petitioner Kristopher Kras' Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (d/e 1) is DISMISSED. Lisa Madigan, the Illinois Attorney General is not a proper party to this action; she is removed as a named Respondent in this case. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   November 3, 2009

    FOR THE COURT:

                                                         s/ Jeanne E. Scott
                                                  JEANNE E. SCOTT
                                     UNITED STATES DISTRICT JUDGE